IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES *ex rel*. | ) | |
| | ) | |
| ZOJO SOLUTIONS, INC., | ) | |
| An Illinois Corporation, Relator | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 10 CV 1504 |
| | ) | JURY DEMANDED |
| COOPER TOOLS, INC. | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT FOR FALSE PATENT MARKING**

Relator, ZOJO SOLUTIONS, INC., (hereinafter referred to as "Zojo"), for its Complaint against Defendant COOPER TOOLS, INC. ("Cooper"), alleges as follows:

1. Zojo is an Illinois corporation with its principal place of business at 1621 N. Vine St., Illinois, 60614.

2. Cooper is a Delaware corporation with its principal place of business in Houston, Texas.

3. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

4. Cooper violated 35 U.S.C. § 292(a), by marking products with expired and/or inapplicable patents, with the intent to deceive competitors and the public.

5. Zojo brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because the products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

8. Cooper markets and sells a line of tape measure products under the brand name Lufkin®.

9. The Lufkin® line of tape measure products is marked with the following U.S. patent numbers: 318,815 ("the '815 Patent"); 397,950 ("the '950 Patent"); 402,216 ("the '216 Patent"); 4,527,334 ("the '334 Patent"); 4,903,912 ("the '912 Patent"); 4,998,356 ("the '356 Patent"); 5,010,657 ("the '657 Patent"). All of the patents identified in this paragraph shall collectively be referred to as the "Falsely Marked Patents."

10. The '815 Patent does not apply and expired over a hundred years ago. If Cooper intended to mark the '815 as a design patent (i.e., D318,815), the patent still is falsely marked because D318,815 is expired and does not cover the marked product. A true and accurate copy of the '815 Patent is attached as Exhibit A, and a true and accurate copy of U.S. Patent D318,815 is attached as Exhibit B.

11. The '950 Patent does not apply and expired over a hundred years ago. If Cooper intended to mark '950 as a design patent (i.e., D397,950), the patent still is falsely marked because D397,950 does not cover the marked product. A true and accurate copy of the '950 Patent is attached as Exhibit C, and a true and accurate copy of U.S. Patent D397,950 is attached as Exhibit D.

12. The '216 Patent does not apply and expired over a hundred years ago. If Cooper intended to mark '950 as a design patent (i.e., D402,216), the patent still is falsely marked because D402,216 does not cover the marked product. A true and accurate copy of the '216

Patent is attached as Exhibit E, and a true and accurate copy of U.S. Patent D402,216 is attached as Exhibit F.

13. The '334 Patent, '912 Patent, '356 Patent and '657 Patent are all expired. A true and accurate copy of the '334 Patent is attached as Exhibit G, a true and accurate copy of the '912 Patent is attached as Exhibit H, a true and accurate copy of the '356 Patent is attached as Exhibit I and a true and accurate copy of the '657 Patent is attached as Exhibit J.

14. Cooper marked its products with the Falsely Marked Patents with the intent to deceive the public and to gain a competitive advantage in the market.

15. Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, and/or using in advertising the packaging and/or product of the Lufkin® tape measures with the Falsely Marked Patents.

16. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

17. Defendant's false marking of products has wrongfully quelled competition with respect to such products, thereby causing harm to ZOJO, the UNITED STATES and the public.

18. Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, benefited commercially and financially by maintaining false statements of patent rights.

WHEREFORE, ZOJO demands a trial by jury and requests that the Court enter judgment as follows:

A. Enter judgment against DEFENDANT and in favor of ZOJO for the violations alleged in this Complaint;

  B. Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

  C. Grant ZOJO such other and further relief as it may deem just and equitable.

            Respectfully Submitted,

            *ZOJO SOLUTIONS, INC.*

            By: /s Matthew S. Miller

Matthew S. Miller
LAW OFFICES OF MATTHEW S. MILLER, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 251-6066

Richard J. Prendergast
Michael T. Layden
RICHARD J. PRENDERGAST, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 641-0881