IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* ) | |
| ) | |
| ZOJO SOLUTIONS, INC., ) | |
| An Illinois Corporation, Relator, ) | |
| ) | |
|     *Plaintiffs,* ) | |
| ) | Case No. 10 C 1504 |
|   v. ) | |
| ) | JURY DEMANDED |
| COOPER TOOLS, INC, ) | |
| a Delaware Corporation, ) | |
| ) | |
|     *Defendant.* ) | |

**RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO STAY DISCOVERY**

NOW COMES plaintiff, Zojo Solutions, Inc. ("Zojo") and submits this opposition to defendant's motion to stay discovery:

**There is no basis for a stay of discovery in this case**

It has been nearly a year since Zojo filed this *qui tam* action and yet defendant continues to do all it can to delay this case. The motion to stay is defendant's latest stall tactic.

Defendant has been accused of falsely marking its products with patents that do not apply and that expired long ago—including patents that expired more than 100 years ago. Zojo has alleged that the products were marked with the intent to deceive the public and gain a competitive advantage, *see* Amended Complaint, Docket No. 10, at ¶ 14, and it seems inconceivable that these false marks were put on the products by accident. Defendant has yet to respond to the allegations and has refused to provide any information that would shed light on why it marked its products with inapplicable patents. If defendant had an innocent explanation, then perhaps it would not be so recalcitrant. As it stands, and unless and until defendant

provides information to the contrary, Zojo and the Court can only infer that the allegations are true, and that defendant violated 35 U.S.C. § 292(b).

Defendant's argument that a stay should be granted until its motion to dismiss is decided falls short. As has been explained by the courts:

> "[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)."

*Tamburo v. Dworkin*, 2010 WL 4867346, *2 (N.D. Ill. Nov. 17, 2010) (quoting *Solomon Realty Co. v. Tim Donut U.S. Ltd.,* 2009 WL 2485992 at *2 (S.D. Ohio 2009)). If the federal rules contemplated a stay whenever a party filed a motion to dismiss, then the rules would contain a provision to that effect. There is no such provision and the concept is at odds with the preference for expeditious resolution of cases. *Id.* The real question with this, or any other, request for a stay of discovery is whether the stay would expedite or delay the litigation. *See Tamburo*, 2010 WL 4867346 at *2. Here, the stay would only delay the case.

Unlike the cases cited by defendant,[1] defendant's proclamation that its "motion to dismiss is dispositive" is not true. Defendant's motion initially raised two issues for dismissal: (i) standing, and (ii) pleading deficiencies. But the standing issue has been resolved. *See Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321 (Fed. Cir. 2010). Based on *Stauffer*, plaintiff has standing, and that part of defendant's motion to dismiss is moot. Thus, the only issue remaining is whether plaintiff adequately pled its claims. That issue hardly justifies a stay of discovery. If the motion is granted over Zojo's opposition, the Court has the discretion to allow Zojo the opportunity to re-plead, which is precisely what happened in *Simonian v. Cisco Systems, Inc.*,

---

[1] In *Duneland Dialysis LLC v. Anthem Ins. Cos.,* 2010 WL 1418392 at * 4 (N.D. Ind. 2010), for example, a case cited by defendant, the district court specifically noted that the motion to dismiss involved the potentially dispositive threshold issue of standing. That is not true in this case.

2

2010 WL 3019964 (N.D. Ill. 2010). *See also Patent Compliance Group, Inc. v. Brunswick Corp.*, 2011 WL 124262 (N.D. Ill. 2011) (denying a motion to dismiss similar to the motion filed in this case, and discussing the sufficiency of allegations in a false patent marking case); *Simonian v. Allergan, Inc.*, 2010 WL 5175017 (N.D. Ill. 2010) (same); *Simonian v. Blistex, Inc.*, 2010 WL 4539450 (N.D. Ill. 2010).[2] Zojo certainly believes and requests that, if the motion to dismiss is granted, it should be allowed the chance to cure any pleading deficiencies.

Moreover, given the amount of time that has passed in this case, defendant should have gathered and preserved the pertinent information by this point in time, thus minimizing, if not eliminating, any prejudice to defendant. Now it is just a matter of defendant turning the information over to Zojo in the form of discovery responses. The discovery that has been issued is narrowly tailored to the issues in the case and it should not be overly complicated for defendant to respond. *See* Exhibits A and B. For some reason, however, defendant does not want to do that. Defendant's resistance to discovery, refusal to participate in a Rule 26(f) conference without it being contingent upon no discovery and its refusal to provide the mandatory disclosures under Rule 26(a) have piqued Zojo's interest. Defendant is trying awfully hard to avoid disclosure. The Court should deny the stay so that discovery can proceed and the facts can be brought to light.

### Conclusion

Zojo respectfully requests that the motion for a stay or protective order be denied and that defendant be ordered to respond to the outstanding and overdue discovery within seven (7) days.

---

[2] Zojo recognizes that this would be a discretionary call, and that one court has dismissed a Section 292 case with prejudice on pleading grounds. *See Heathcote Holdings Corp., Inc. v. Crayola LLC*, 2010 WL 5149343 (N.D. Ill. 2010). Nevertheless, the fact remains that the Court has the discretion to allow the opportunity to re-plead and since this would be Zojo's first effort to a substantive amendment, Zojo submits that the proper course of action would be to allow it the chance to state its case.

                                                                      Respectfully Submitted,

                                                                      *ZOJO SOLUTIONS., INC.*

                                                                      By: <u>/s Matthew S. Miller</u>

Matthew S. Miller
LAW OFFICES OF MATTHEW S. MILLER, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 251-6066

Richard J. Prendergast
Michael T. Layden
RICHARD J. PRENDERGAST, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 641-0881

## **CERTIFICATE OF SERVICE**

I, Matthew S. Miller, an attorney, certify that on January 21, 2011, I electronically filed the foregoing **Response In Opposition to Defendant's Motion to Stay Discovery** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

Kevin Michael Nelson
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL 60606

Mr. Robert J. McAughan, Jr.
Mr. Bruce J. Cannon
Locke Lord Bissel & Liddell LLP
2800 JPMorgan Chase Tower
600 Travis
Houston, TX 77002

/s Matthew S. Miller